470

Commonwealth *v.* Carney, Appellant.
Commonwealth *v.* Young, Appellant.
Commonwealth *v.* Urenovich, Appellant.

Argued March 13, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

Argued June 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

Submitted September 10, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

Before DOWLING, J., Appeal No. 42; Before PITT, JR., J., Appeal No. 652; Before DALESSANDRO, J., Appeal No. 1439.

In appeal No. 42, *Arthur L. Berger*, for appellant.

*R. Lewis*, with him *Marion E. MacIntyre*, Deputy District Attorney, for Commonwealth, appellee.

In appeal No. 652, *John R. Merrick*, Public Defender, for appellant.

*F. Ned Hand*, Assistant District Attorney, with him *William H. Lamb*, District Attorney, for Commonwealth, appellee.

In appeal No. 1439, *Bruce S. Miller*, Assistant Public Defender, for appellant.

*Patrick J. Toole, Jr.*, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 21, 1974:

Each of the appellants in this matter was convicted of flag desecration. Each contends that his conviction should be reversed because the Pennsylvania Flag Desecration Act[1] is unconstitutionally void for vagueness.

The three appellants herein were charged in separate indictments and convicted of desecrating the flag under the portion of the desecration act which specifi-

---

[1] The Pennsylvania Flag Desecration Act, P. L. 201, §1, August 8, 1967 (18 P.S. §4211) provides: "Whoever . . . publicly or privately mutilates, defaces, defiles or tramples upon, or casts contempt either by words or act upon, any such flag, (the flags of the United States or the Commonwealth of Pennsylvania) . . . is guilty of a misdemeanor, and upon conviction, shall be sentenced to pay a fine not exceeding one thousand dollars ($1,000), or undergo imprisonment for not more than one (1) year, or both."

cally proscribes the casting of contempt upon the banner of the United States.

In *Smith v. Goguen*,[2] 42 L.W. 4393 (U.S. Sup. Ct., March 25, 1974), the Supreme Court of the United States passed upon the same question and held that the Massachusetts Flag Misuse Statute,[3] which is substantially similar to the Pennsylvania Act, was unconstitutionally void for vagueness. Justice POWELL speaking for the majority with respect to the cast contempt provision wrote: "Indeed, because display of the flag is so common and takes so many forms, changing from one generation to another and often difficult to distinguish in principle, a legislature should define with some care the flag behavior it intends to outlaw. Certainly nothing prevents a legislature from defining with substantial specificity what constitutes forbidden treatment of United States flags. The statutory language at issue here fails to approach that goal and is void for vagueness." 42 L. W. at 4398 (footnotes omitted).

Although we do not condone behavior which defiles the flag of this great nation, the mandate of the United States Supreme Court is clear. Thus, we are compelled to rule the Pennsylvania Flag Desecration Act unconstitutional.

Accordingly, we reverse the judgments of the trial courts, vacate the convictions, and order appellants discharged.

----

[2] In *Smith v. Goguen*, the defendant was charged with casting contempt upon the flag by wearing the flag sewn to the seat of his pants.

[3] The Massachusetts Act, Mass. Gen. Laws Ann. C. 264 Sec. S (1971), provides: "Whoever publicly mutilates, tramples upon, defaces or treats contemptuously the flag of the United States . . ., whether such flag is public or private property . . ., shall be punished by a fine of not less than ten nor more than one hundred dollars or by imprisonment for not more than one years, or both . . ."