331 A.2d 444
COMMONWEALTH of Pennsylvania
v.
Geoffrey MORGAN, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 7, 1974

Decided Jan. 27, 1975.

113

---

Wendell G. Freeland, Lichtenstein & Bartiromo, Pittsburgh, for appellant.

Donald E. Williams, Dist. Atty., J. Solomon, New Castle, for appellee.

Before EAGEN and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Geoffrey Morgan was tried by a jury and convicted upon an indictment charging that he "did de-

file and cast contempt on the American flag by publicly wearing a 6″ by 8″ American flag sewn on the seat of his pants . . . ." After denial of appellant's post-trial motions, he appealed to the Superior Court, which affirmed per curiam. 222 Pa.Super. 511, 295 A.2d 183 (1972).[1] We permitted an appeal to this Court.[2] We reverse.

The statute under which Morgan was convicted punishes one who "publicly or privately mutilates, defaces, defiles or tramples upon, or casts contempt either by words or act upon" the American flag.[3] Appellant contends that the statute is impermissibly vague. With respect to the prohibition of "cast[ing] contempt," we agree.

█ The general principles of the void-for-vagueness doctrine are well-settled and need no extensive discussion here. See generally *Grayned v. Rockford*, 408 U.S. 104, 108–109, 92 S.Ct. 2294, 2298–2299, 33 L.Ed.2d 222 (1972), and cases cited therein; Note, The Void-For-Vagueness Doctrine in the Supreme Court, 109 U.Pa.L. Rev. 67 (1960). The precise question before us has recently been decided by the Supreme Court of the United States in *Smith v. Goguen*, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974). There the defendant had been convicted under a Massachusetts statute of "publicly . . . treat[ing] contemptuously the flag of the Unit-

1. Judges Hoffman, Spaulding, and Packel dissented.
2. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp.1974).
3. Act of June 24, 1939, P.L. 872, § 211, as amended by Act of August 8, 1967, P.L. 201, § 1, 18 P.S. § 4211 (Supp.1973). This statute was repealed and replaced by 18 Pa. S. § 2102 (1973), which defines the offense in virtually identical language.
   The "casts contempt . . . by words" portion of the statute is obviously unconstitutional. *Street v. New York*, 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed. 572 (1969). That portion has been removed from the re-enacted version. In any event, this issue is not before us because appellant was charged with desecratory acts only.

ed States" by wearing it sewn to the seat of his pants. The Court, speaking through Mr. Justice Powell, held the statute unconstitutional, stating:

"Flag wearing in a day of relaxed clothing styles may be simply for adornment or a ploy to attract attention. It and many other current, careless uses of the flag nevertheless constitute unceremonial treatment that many people may view as contemptuous. Yet in a time of widely varying attitudes and tastes for displaying something as ubiquitous as the United States flag or representations of it, it could hardly be the purpose of the Massachusetts legislature to make criminal every informal use of the flag. The statutory language under which Goguen was charged, however, fails to drawn reasonably clear lines between the kinds of nonceremonial treatment that are criminal and those that are not. Due process requires that all 'be informed as to what the State commands or forbids . . .,' *Lanzetta v. New Jersey,* 306 U.S. 451, 453 [59 S.Ct. 618, 619, 83 L.Ed. 888] (1939), and that 'men of common intelligence' not be forced to guess at the meaning of the criminal law. *Connally v. General Construction Co.,* 269 U.S. 385, 391 [46 S.Ct. 126, 127, 70 L.Ed. 322] (1932). Given today's tendencies to treat the flag unceremoniously, those notice standards are not satisfied here.

. . . . . . . .

"The language at issue ['treats contemptuously'] is void for vagueness as applied to Goguen because it subjected him to criminal liability under a standard so indefinite that police, court, and jury were free to react to nothing more than their own preferences for treatment of the flag.

. . . . . . . .

"[B]ecause display of the flag is so common and takes so many forms, changing from one generation to another and often difficult to distinguish in principle, a

legislature should define with some care the flag be-havior it intends to outlaw. Certainly nothing pre-vents a legislature from defining with substantial specificity what constitutes forbidden treatment of United States flags. The statutory language at issue here ['treats contemptuously'] fails to approach that goal and is void for vagueness."

415 U.S. at 574, 578, 581, 94 S.Ct. at 1247–1248, 1250, 1251–1252 (footnotes omitted).

The difference between "treats contemptuously" and "casts contempt upon" is constitutionally insignificant. We hold, therefore, that the portion of the statute pun-ishing one who "casts contempt . . . upon" the American flag is void for vagueness.[4]

■  Appellant was also accused of violating the statu-tory prohibition of "defiling" the flag. This word, he argues, suffers from the same constitutional defect as "casts contempt." Were "defile" construed broadly, we would be inclined to agree. "Defiling" the flag by wear-ing it, as appellant was charged, might mean to "de-base, violate, pollute, sully, tarnish, or dishonor."[5] So defined, "defile" is not substantially different from "casts contempt upon" and is equally vague.

■■  The statute may be rescued from vagueness, however, by an appropriate limiting construction.[6] We believe that, in the context of the specific words "muti-lates, defaces, . . . or tramples upon," "defiles" re-fers only to physical acts of destruction or desecration that affect the physical integrity of the flag. *Hoffman v. United States,* 144 U.S.App.D.C. 156, 445 F.2d 226,

---

4.  Accord: *Commonwealth v. Young,* 229 Pa.Super. 470, 325 A.2d 315 (1974); *Commonwealth v. Carney,* 229 Pa.Super. 470, 325 A.2d 316 (1974).

5.  *Cincinnati v. Bunch,* 32 Ohio App.2d 161, 162, 288 N.E.2d 854, 855 (1971).

6.  See, e. g., *Shuttlesworth v. Birmingham,* 382 U.S. 87, 91, 86 S.Ct. 211, 213–214, 15 L.Ed.2d 176 (1965).

229 (1971); *Joyce v. United States,* 147 U.S.App.D.C. 128, 454 F.2d 971, 981 (1971), cert. denied, 405 U.S. 969, 92 S.Ct. 1188, 31 L.Ed.2d 242 (1972); *State v. Kasnett,* 34 Ohio St.2d 193, 196, 297 N.E.2d 537, 540 (1973); *State v. Hodsdon,* 289 A.2d 635, 638 (Del.Super.1972); see Statutory Construction Act of 1972, 1 Pa. S. § 1922(3) (Special Pamphlet, 1973); 2A J. Sutherland, Statutes and Statutory Construction §§ 45.11, 47.16 (4th ed. C. Sands 1973); see also 1 Pa. S. § 1928(b)(1) (Special Pamphlet, 1973). So construed, "defiles" is sufficiently concrete and definite to withstand a vagueness attack. *Joyce v. United States,* supra, 454 F.2d at 982–984; see *Smith v. Goguen,* supra, at 582 n. 30, 94 S.Ct. at 1251 n. 30.

■ The conduct with which Morgan was charged does not fall within this construction of "defiles." We doubt that sewing a flag to a piece of clothing constitutes physical desecration.[7] In any event, Morgan was not charged with any act of physical desecration but that he "did defile . . . by publicly wearing . . . ." *Wearing* the flag sewn to appellant's pants was not a physical desecration and thus was not a defilement within the meaning of the statute as we have construed it. See *Hoffman v. United States,* supra (wearing flag as shirt is not defilement); *State v. Kasnett,* supra (wearing flag sewn to seat of pants does not constitute defilement); cf. *Smith v. Goguen,* supra, at 582, 94 S.Ct. at 1251.

Appellant may not constitutionally be convicted of "cast[ing] contempt upon" the flag. The conduct with which he is charged does not come within the meaning of

7. "Even if we were to accept the Commonwealth's interpretation in its brief that the statute proscribes only conduct affecting 'the physical integrity of a flag', and were to assume that, so limited, it could validly be applied, we are not so sure that sewing a flag to a background clearly affects 'physical integrity.' "
*Goguen v. Smith,* 471 F.2d 88, 91 n. 4 (1st Cir. 1972), aff'd, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974).

**118**

"defiles" as a matter of statutory construction. Accordingly, as in *Smith, Hoffman,* and *Kasnett,* the conviction may not stand.[8]

Judgment of sentence reversed and appellant discharged.

JONES, C. J., did not participate in the consideration or decision of this case.

8. We have not addressed Morgan's other, principally First Amendment, arguments because the void-for-vagueness doctrine and our construction of the language of the statute require the reversal of his conviction.