COMMONWEALTH of Pennsylvania,
Appellee,

v.

Richard L. COLEMAN, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 29, 1998.
Filed May 28, 1998.
Reargument Denied July 13, 1998.

Scott T. Williams, Williamsport, for appellant.

Timothy P. Wile, Assistant District Attorney, Williamsport, for Com., appellee.

Before CAVANAUGH, EAKIN and STEVENS, JJ.

STEVENS, Judge:

This is an appeal from a December 31, 1996 judgment of sentence entered in the Court of Common Pleas of Lycoming County following Appellant's conviction for violating 75 Pa.C.S.A. § 4943 (pertaining to maximum axle weights). The sole issue presented to us is whether the "interstate highway" exception to Section 4943(b)(3) violates the void for vagueness doctrine.

The parties have stipulated to the following facts: On August 5, 1994, Appellant was driving a Class 17 tandem axle truck on a portion of roadway concurrently designated Interstate 180, State Route 15, and State Route 220 when he was stopped by a Pennsylvania State Police Officer, who weighed the truck's axles. Axle No. 3, a non-steering

axle located less than six feet from the nearest adjacent axle, weighed 20,273 pounds. Appellant was charged with violating Section 4943(a)(2), *infra*, for exceeding the maximum allowable axle weight, and found guilty by a district justice. On appeal, a *de novo* nonjury trial was held, and, via an order filed January 2, 1997, Appellant was again found guilty. Appellant then filed this timely appeal.

Appellant contends that Section 4943(b)(3), *infra*, is unconstitutionally vague because it fails to distinguish between a highway which is solely an interstate and a highway which is both an interstate and state route, precluding drivers from ascertaining whether their conduct is legal.

 Enactments of the General Assembly are clothed with a strong presumption of constitutionality. 1 Pa.C.S. § 1922(3); *Commonwealth v. Barud*, 545 Pa. 297, 681 A.2d 162 (1996). "There is a heavy burden of persuasion upon one who challenges the constitutionality of a statute." *Barud*, 545 Pa. at 304, 681 A.2d at 165 (citation omitted). Further, a statute will not be struck down as unconstitutional unless it clearly, palpably, and plainly violates either the United States or the Pennsylvania Constitution, *Barud*, 545 Pa. at 304, 681 A.2d at 165; *Consumer Party of Pennsylvania v. Commonwealth*, 510 Pa. 158, 175, 507 A.2d 323, 332 (1986).

 The void for vagueness doctrine requires that a penal statute define a criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited, in a manner that does not encourage arbitrary and discriminatory enforcement. *Barud*, 545 Pa. at 304, 681 A.2d at 165 (citations omitted). *See also Commonwealth v. Burt*, 490 Pa. 173, 177–178, 415 A.2d 89, 91 (1980) (citation omitted) (A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute.); *Commonwealth v. Hull*, 705 A.2d 911, 913 (Pa.Super.1998) (*citing Commonwealth v. Boyle*, 533 Pa. 360, 368, 625 A.2d 616, 617 (1993) ("A criminal statute must be sufficiently certain and definite to inform an accused of acts that the statute is intended to prohibit and for which penalties

will be imposed....")). Statutory language that has been found vague includes statutes proscribing conduct with imprecise descriptions. *Hull, supra. See, e.g., Commonwealth v. Morgan*, 460 Pa. 112, 331 A.2d 444 (1975) ("defiling" American flag was vague); *Commonwealth v. Krasner*, 238 Pa.Super. 187, 357 A.2d 558 (1976) ("obscene" proscription vague). "These articulations make clear that we require statutes to be specific, definite, and without ambiguity as to what is prohibited." *Hull*, 705 A.2d at 914.

 In the case *sub judice*, the statute in question states:

(a) General rule.-No vehicle or combination driven upon a highway shall have a weight upon any axle in excess of the lessor of the manufacturer's rated axle capacity or the following applicable weight:

. . .

(2) Other axles

. . .

If the center-to-center distance between the nearest adjacent axle is under six feet, the maximum axle weight upon either of the two adjacent axles is 18,000 pounds.

. . .

(b) Exceptions and special applications.-

. . .

(3) No trucks registered in Classes 17 and 20 shall have an overall gross weight in excess of 21,400 pounds on any tandem axle. In addition, a group of three tandem axles shall not have an overall gross weight in excess of 60,000 pounds. This paragraph shall not be applicable to interstate highways.

75 Pa.C.S.A. § 4943.

Pursuant to the general rule of Section 4943, a class 17 tandem axle truck such as the one driven by Appellant is permitted to carry 18,000 pounds on a non-steering axle located less than six feet from the nearest adjacent axle. Pursuant to the exception contained in Section 4943(b)(3), the maximum allowed weight is increased to 21,400 pounds, but the exception does not apply to interstate highways.

The term "interstate highway" is defined by 75 Pa.C.S.A. § 102 as "[a] freeway on the Dwight D. Eisenhower System of Interstate and Defense Highways." Section 102 also defines "freeway" as "[a] limited access highway to which the only means of ingress and egress is by interchange ramps," and "highway" as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel."

We conclude that Section 4943(b)(3) defines the criminal offense of exceeding maximum axle weight on an interstate highway with sufficient definiteness that ordinary people can understand what conduct is prohibited, in a manner that does not encourage arbitrary and discriminatory enforcement. *Hull, supra*; *Barud, supra*. Further, Section 4943(b)(3) provides reasonable, specific, definite, and unambiguous standards by which people may gauge their future conduct. *Hull, supra.*

 Here, the roadway at issue was clearly marked as an interstate highway, and, therefore, pursuant to Section 4943(b), the increased weight exception does not apply. The fact that the road was also designated as a state traffic route for a portion of its length does not render Section 4943(b)(3) vague or confusing. Further, Section 4943(b)(3) is not unconstitutionally vague simply because the statute does not specifically state that those portions of an interstate highway which are also portions of a state route will be governed by the applicable interstate regulations and not by the less restrictive State regulations. Generally, under the Supremacy Clause of the United States Constitution, all conflicts between federal and state laws must be resolved in favor of federal law. U.S.C.A. Const. Art. 6 cl. 2; *Burgstahler v. AcroMed Corp.*, 448 Pa.Super. 26, 670 A.2d 658, 663–664 (1995) (citation omitted). "Even where Congress has not completely displaced state regulation ... , state law is preempted to the extent that it actually conflicts with federal law, i.e. where compliance with both federal and state law is an impossibility." *First Federal Savings and Loan Association of Hazleton v. Office of State Treasurer, Un-claimed Property Review Committee*, 543 Pa. 80, 85, 669 A.2d 914, 916 (1995) (citation omitted).

In light of our discussion *supra*, we find that Appellant has not met the " 'heavy burden of persuasion' placed on one who challenges the constitutionality of a statute." *Barud*, 545 Pa. at 304, 681 A.2d at 165. Accordingly, we affirm.

Affirmed.

Concurring Opinion by EAKIN, J.

EAKIN, Judge, concurring:

Appellant raises only the issue of the constitutionality of 75 Pa.C.S. § 4943. As I do not believe he has established such unconstitutionality, I concur with the result of my colleagues. As to the application of the statute to the facts before us, I express no opinion.