J-S56027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JASON PAUL SCHROCK | : | |
| | : | |
| Appellant | : | No. 825 MDA 2014 |

Appeal from the PCRA Order of April 23, 2014
In the Court of Common Pleas of Franklin County
Criminal Division at No.: CP-28-CR-0002031-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JASON PAUL SCHROCK | : | |
| | : | |
| Appellant | : | No. 872 MDA 2014 |

Appeal from the PCRA Order of April 23, 2014
In the Court of Common Pleas of Franklin County
Criminal Division at No.: CP-28-CR-0001239-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JASON PAUL SCHROCK | : | |
| | : | |
| Appellant | : | No. 873 MDA 2014 |

Appeal from the PCRA Order of April 23, 2014

In the Court of Common Pleas of Franklin County
Criminal Division at No.: CP-28-CR-0000273-2011

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED JANUARY 30, 2015**

In this consolidated case,[1] both the Commonwealth and Jason Schrock appeal aspects of the April 23, 2014 order in which Schrock's petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, was granted in part and denied in part.  For the following reasons, we affirm.

In its opinion filed contemporaneously with its April 23, 2014 order, the PCRA court summarized the relevant procedural history of this case as follows:

> At case number 2031-2010, [Schrock] was charged with driving under the influence of alcohol or controlled substance, [75 Pa.C.S. § 3802(d)(2),] as well as related summary offenses for an incident that occurred on August 29, 2010.  At case number 273-2011, [Schrock] was charged with two counts of delivery of marijuana[, 35 P.S. § 780-113(a)(30),] for incidents occurring on November 3, 2010 and November 9, 2010.  At case number 1238-2011, [Schrock] was charged with burglary[, 18 Pa.C.S. § 3502(a),] and criminal mischief[, 18 Pa.C.S. § 3304(a)(2),] for an incident at the home of Daniel Yoder ("Yoder") between November 20, 2010 and November 22, 2010.  Finally, at case number 1239-2011, [Schrock] was charged with burglary, theft[, 18 Pa.C.S. § 3921(a),] and criminal mischief for another incident involving Yoder on November 20, 2010.

_____

[*]     Retired Senior Judge assigned to the Superior Court.

[1]     On June 17, 2014, this Court *sua sponte* consolidated the three above-captioned cases for unitary review.

For a short time[, Schrock] was represented by Attorney R. Paul Rockwell of the Franklin County Public Defender's Officer. On June 21, 2011, Attorney Mark Orndorf ("Attorney Orndorf") was appointed to represent [Schrock] in case numbers 2031-2011 and 273-2011. Attorney Orndorf was later appointed to represent [Schrock] in case numbers 1238-2011 and 1239-2011. Attorney Orndorf represented [Schrock] at mandatory arraignment on case numbers 1238-2011 and 1239-2011. At that time counsel advised the court that the Commonwealth had offered the plea offer that [Schrock] had verbally agreed to and waived his preliminary hearing on the basis of. Attorney Orndorf advised that he would prepare a detailed motion on the contractual issues of a plea agreement; however, no motion was prepared because, after additional research, Attorney Orndorf concluded that the issue lacked merit.

On September 27, 2011, Attorney Orndorf filed an Omnibus Motion to Suppress Evidence in case numbers 273-2011, 1238-2011, and 1239-2011. [Schrock] requested that all evidence obtained through an Order Authorizing the Consensual Interception of Oral Communications in a Home dated November 9, 2010 ("Consensual Order") be suppressed. [Schrock] alleged that said Order was illegal and defective on its face because it was improperly backdated when filed by the Clerk of Courts. Specifically, the date the Consensual Order was time-stamped as filed was backdated. The date the Consensual Order was actually signed by [the trial judge] was not altered. [Schrock] then filed his own Supplemental Motion to Suppress Evidence. On November 7, 2011, after investigating the issue and confirming that [the trial judge] had indeed signed the Order in November of 2010, Attorney Orndorf filed a Motion to Exclude Evidence which contained essentially the same allegations as the Omnibus Motion to Suppress Evidence.

By Order of Court dated November 14, 2011, because of irreconcilable differences between Attorney Orndorf and [Schrock], Attorney Todd Sponseller ("Attorney Sponseller") was appointed to represent [Schrock]. Attorney Sponseller did not request additional discovery or file any of the motions [that Schrock] requested (such as a Motion to Drop All Charges Based on Extraordinary Circumstances) because counsel determined that the issues did not have merit. Attorney Sponseller met with his client several times and appeared at various hearings on [Schrock's] behalf. At one point, Attorney Sponseller's appointment was modified from trial counsel to standby counsel.

On January 9, 2012, the day scheduled for jury selection in [Schrock's] DUI case (2031-2011), Attorney Sponseller assisted [Schrock] in negotiating a plea agreement to dispose of all [of Schrock's] outstanding charges. [Schrock] entered a plea of guilty to two counts of delivery in case number 273-2011; one count of driving under the influence, general impairment (second offense, tier III) in case number 2031-2011; and one count of theft as a misdemeanor of the first degree in case number 1239-2011. The plea agreement further provided for a specific sentencing scheme whereby [Schrock] would receive 24 to 60 months for delivery (ct. 1, 273-2011) followed by 6 to 60 months on the DUI (2031-2011) to be served concurrently with a sentence of 6 to 60 months for theft (1239-2011) followed by 24 to 60 months for delivery (ct. 2, 273-2011). Functionally, the plea agreement called for two concurrent sentences of 2 ½ to 10 years in a state correctional institution. [Schrock] was sentenced [on] the same day in accordance with the plea agreement. [Schrock] filed neither a timely post-sentence motion nor a direct appeal thereafter.

\* \* \*

On December 31, 2012, [Schrock] filed a Motion to Modify Sentence (*Nunc Pro Tunc*), along with a Supplement to Motion to Modify Sentence on January 14, 2013. In the Supplement, [Schrock] requested that his Motion to Modify Sentence be considered a timely filed PCRA petition. After the court received further correspondence from [Schrock] regarding his Motion to Modify Sentence, by Order of Court dated May 28, 2013, the court ordered that [Schrock's] Motion to Modify Sentence and Supplement would be considered a timely filed PCRA petition. Attorney Brian Williams ("Attorney Williams") was appointed to represent [Schrock] in PCRA proceedings.

While represented by counsel, [Schrock] filed several motions *pro se*. On June 24, 2013, [Schrock] filed a motion to request an extension of time, as well as permission to conduct additional discovery.

On July 22, 2013, [Schrock] filed a *pro se* Petition for Relief Under the Post Conviction Relief Act. [Schrock] requested relief in case numbers 2031-2010 (DUI), 273-2011 (delivery), and 1238-2011 (burglary). Because case number 1238-2011 was *nolle prossed* as part of the plea agreement, it was determined that [Schrock] was actually seeking relief in case number 1239-

2011 (theft), as confirmed by [Schrock's] Amended PCRA Petition. In his initial PCRA petition, [Schrock] alleged that he should be granted relief on two grounds:

1.)  A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(i).

2.)  Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(ii).

[Schrock] sought to have his convictions in case numbers 273-2011 and 1239-2011 vacated. In the alternative, [Schrock requested] that all of his sentences run concurrently for an aggregate sentence of 2 ½ to 5 years.

[Schrock] was still represented by Attorney Williams at the time that he filed the *pro se* PCRA petition. [Schrock] requested to represent himself[. Accordingly], on September 20, 2013[,] the [PCRA] court held a hearing on the issue which [Schrock] attended via videoconferencing. The [PCRA] court found that [Schrock] knowingly, intelligently, and voluntarily waived his right to counsel in his PCRA proceedings. The appointment of Attorney Williams was rescinded and [Schrock] was permitted to represent himself. [Schrock] was also permitted to file a supplemental petition for relief.

[Schrock] filed a request to amend his PCRA petition on November 8, 2013. By Order of Court dated November 15, 2013, [Schrock] was granted leave of court to file an amended PCRA petition within thirty days. [Schrock] filed an amended PCRA petition on December 6, 2013. [Schrock's] amended PCRA petition [set] forth an alternative claim for relief in case number 2031-2010, specifically, the imposition of a sentence greater than the lawful maximum. 42 Pa.C.S. § 9543(a)(2)(vii). Per [Schrock's] handwritten note in the corner of his amended PCRA petition, in case number 2031-2010, all issues raised in the original PCRA petition [were] abandoned and [Schrock sought] only relief in that case on the basis that the sentence imposed by [the trial court] as part of the plea agreement was greater than

the lawful maximum. As to case numbers 273-2010 (2 counts of delivery) and 1239-2010 (theft), [Schrock asked the PCRA court] to consider his amended PCRA petition as a supplement to his original PCRA petition. [Schrock] again [requested] that his sentences either be set aside or that all of his sentences run concurrently.

The Commonwealth filed a timely Answer to [Schrock's] Amended PCRA Petition on January 2, 2014. An evidentiary hearing was held on [Schrock's] amended PCRA petition on March 20, 2014. Attorney Orndorf, Attorney Sponseller, and [Schrock] testified at the hearing. Before [Schrock] began the questioning of his former attorneys, the [PCRA court] explained to [Schrock] that *if* the court did find that his counsel was ineffective as he alleged, the remedy would be a new trial, not for the court to craft a new sentence to [Schrock's] specifications. [Schrock] chose to proceed.

PCRA Court Opinion, 4/23/2014, at 1-6 (footnotes omitted; some capitalization modified). On April 23, 2014, the PCRA court entered an order granting Schrock relief at case number 2031-2010, finding that the sentence on that case was illegal pursuant to this Court's decision in ***Commonwealth v. Musau***, 69 A.3d 754 (Pa. Super. 2013). The court re-sentenced Schrock to three months to six months' incarceration. The PCRA court denied all of Schrock's other claims. ***See*** Order, 4/23/2014, at ¶¶1-2.

On May 12, 2014, the Commonwealth filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 21, 2014, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) in response to the Commonwealth's Rule 1925(b) statement.

On May 21, 2014, Schrock filed a notice of appeal. The following day, the PCRA court directed Schrock to file a Rule 1925(b) concise statement.

On May 30, 2014, Schrock timely filed a concise statement. On June 20, 2014, the PCRA court issued a Rule 1925(a) opinion.

We begin with the Commonwealth's appeal at docket number 825 MDA 2014. The Commonwealth presents the following issue for our review: "Whether [Schrock's] pled-to maximum sentence of five years for a DUI refusal, graded as a misdemeanor of the first degree, resulted in a lawful sentence?" Brief for the Commonwealth (No. 825 MDA 2014) at 5. We review challenges to the legality of a particular sentence *de novo*, and our scope of review is plenary. **Commonwealth v. Akbar**, 91 A.3d 227, 238 (Pa. Super. 2014).

As noted earlier, the PCRA court concluded that the six–to-sixty month sentence originally imposed upon Schrock at case number 2031-2011 for his guilty plea to DUI was illegal pursuant to this Court's decision in **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013). In **Musau**, a panel of this Court, after resolving a conflict between two competing statutory provisions, held that, for a defendant who is convicted of a second DUI offense and who refuses to submit a blood, breath, or urine sample for chemical testing, the maximum sentence is six months of incarceration. **Id.** at 758. Instantly, Schrock pleaded guilty to his second DUI offense, and had refused to submit to chemical testing. Therefore, his conviction falls within the parameters of **Musau**, and the PCRA court correctly concluded that his initial sentence was illegal.

The Commonwealth presently argues that the *Musau* panel's interpretation of the DUI statute "runs afoul of several rules of statutory interpretation." Brief for the Commonwealth (No. 825 MDA 2014) at 11. As such, the Commonwealth urges this panel to reconsider the issue that was resolved in *Musau*, and to reach a different conclusion. We decline to do so.

It is well-settled that it "[i]t is beyond the power of a panel of the Superior Court to overrule a prior decision of the Superior Court." *Commonwealth v. Hull*, 705 A.2d 911, 912 (Pa. Super. 1998) (citing *Commonwealth v. Taylor*, 649 A.2d 453 (Pa. Super. 1994)).[2] Therefore, "absent legally relevant distinction of fact," this panel is bound by the *Musau* panel's decision. *Hull*, 705 A.2d at 912. Thus, despite the Commonwealth's encouragement, we cannot, and therefore will not, reconsider the merits of the *Musau* holding.

Additionally, the Commonwealth notes for our attention that the Pennsylvania Supreme Court has granted allowance of appeal in *Commonwealth v. Mendez*, 71 A.3d 250 (Pa. 2014) (*per curiam*), in which our Supreme Court is expected to resolve with finality the issue that was

---

[2] Candidly, the Commonwealth concedes that this panel lacks this power to overrule *Musau*. *See* Brief for the Commonwealth (No. 825 MDA 2014) at 11 n.5. Nonetheless, the Commonwealth notes that it is raising the issue here to preserve it for *en banc* review, which, if accepted, would be reviewed by a panel that would have the authority to overrule *Musau*. *See Commonwealth v. Jacobs*, 900 A.2d 368, 377 n.9 (Pa. Super. 2006) (*en banc*).

addressed by **Musau**, and pursued herein by the Commonwealth. However, the fact that the Supreme Court has granted allowance of appeal in a particular case does not alter our obligation to apply the law as it currently stands. "At this point in time, our high court has done no more than grant an appeal. . . . Because our Supreme Court has not yet ruled upon the question, our Court's prior decision . . . is binding." **Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. Super. 2006). Hence, **Musau** remains the law of this Commonwealth, and the PCRA court correctly applied it herein. The Commonwealth is not entitled to relief.

We now turn to the issues presented by Schrock in the appeals docketed at Nos. 872 and 873 MDA 2014. At No. 872 MDA 2014, Schrock presents the following issues for our review:

1. Are prosecutors permitted to offer a criminal defendant a great plea offer at the preliminary hearing stage, such as "if you waive your preliminary hearing, thereafter you may plea to this great offer." And then, once the offer has been accepted, and the preliminary hearing waived, change/alter, or take the offer off the table all together?

2. When a criminal defendant has been offered a plea deal in exchange for the waiver of his preliminary hearing, and he accepts the offered plea deal, and waives his preliminary hearing in anticipation of pleading guilty to the offer extended, is a legally binding contract formed?

3. [W]hen a criminal defendant accepts such an offer, and waives his preliminary hearing in exchange for the offer, then the prosecution that extended the offer takes it off the table, or changes/alters the original deal, is there a meritorious issue ripe for litigation formed?

Brief for Schrock (No. 872 MDA 2014) at 4 (unpaginated; numerals added for ease of disposition).

At No. 873 MDA 2014, Schrock presents the following issues:

4.  Whether outrageous police misconduct with extraordinary outrageous court official misconduct for backdating of challenged documents and for the shredding of documents maliciously deprived [Schrock] of unwaivable fundamental rights to which no reliable adjudication of guilt or innocence could have taken place and for which no verdict under any such circumstance may stand?

5.  Whether defense counsel was patently ineffective for failing to proceed on constitutional grounds by instead redacting, reducing and amending its pleading to a motion to exclude evidence on non-constitutional grounds rather than just supplement the original omnibus pre-trial motion?

6.  Whether [Schrock] was intangibly denied adequate assistance of counsel when defense counsel became mediator for all parties and not remain an advocate for [Schrock] and under the circumstances compounded coercion of [Schrock] into an unknowing, involuntary and unintelligent plea surrendered to under duress?

Brief for Schrock (No. 873 MDA 2014) at 3 (numbering altered for ease of disposition).

Before we can address the merits of any of these issues, we first must ascertain whether they are preserved properly for our review, and whether any issues that are preserved are cognizable under the PCRA. We first consider Schrock's Rule 1925(b) statement. It is well-established that issues that are not raised in a concise statement filed pursuant to Pa.R.A.P. 1925(b) will be deemed waived. *Commonwealth v. Butler*, 756 A.2d 55,

57 (Pa. Super. 2000) (quoting **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998)); **see** Pa.R.A.P. 1925(b)(4)(i)-(vii). Waiver also applies to concise statements "which are so vague as to prevent the court from identifying the issue to be raised on appeal." **Commonwealth v. Dowling**, 778 A.2d 683, 686-87 (Pa. Super. 2001) ("[A] Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all."). Additionally, "when an appellant fails to identify in a vague Pa.R.A.P. 1925(b) statement the specific issue he/she wants to raise on appeal, the issue is waived, even if the trial court guesses correctly and addresses the issue in its Pa.R.A.P. 1925(a) opinion." **Commonwealth v. Lemon**, 804 A.2d 34, 38 (Pa. Super. 2002).

> In his Rule 1925(b) statement, Schrock raised the following issues:
>
> 1. Whether the PCRA court committed a reversible error when it failed to grant relief on/failed to consider [Schrock's] argument that a fraud on the court entitled him to relief in cases 1239-2010 and 273-2010?
>
> 2. Whether the PCRA court committed a reversible error when it failed to grant relief/failed to apply the **Strickland**[3] test to [Schrock's] argument that his counsel was ineffective by not filing a motion for specific performance of agreement.?
>
> 3. Whether the PCRA court committed a reversible error when it failed to permit [Schrock] to present evidence he needed to prove his claim of ineffective assistance of counsel?

Concise Statement, 5/30/2014, at 1-2.

---

[3] **See Strickland v. Washington**, 466 U.S. 668 (1984).

It is immediately apparent that the three issues raised by Schrock in his brief at docket number 872 MDA 2014 are waived, because those issues were not raised in his Rule 1925(b) statement, nor are they fairly encompassed by the issues that were in fact raised. **See Butler** and **Lord**, *supra*.

In his first issue in the appeal docketed at 873 EDA 2014, Schrock argues that the Commonwealth perpetrated a fraud upon the trial court, because the application for the consensual wiretap was backdated before it was time stamped with the court. This issue was duly raised in Schrock's Rule 1925(b) statement. However, the issue nonetheless is not cognizable in this PCRA appeal. When Schrock pleaded guilty, he waived "all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." **Commonwealth v. Stradley**, 50 A.3d 769, 771 (Pa. Super. 2012) (citing **Commonwealth v. Boyd**, 835 A.2d 812, 819 (Pa. Super. 2003)). Thus, his challenge to the events that occurred prior to the entry of his guilty plea forever was waived when Schrock pleaded guilty. The PCRA is not a mechanism by which criminal defendants can revive otherwise waived issues. Consequently, Schrock's first issue listed in 873 EDA 2014 is not cognizable in this appeal.

In his second listed issue at 873 EDA 2014, Schrock contends that trial counsel was ineffective for "failing to proceed to suppress on constitutional

grounds by amending its [*sic*] pleading to a motion to exclude evidence on non-constitutional grounds rather than just supplement the original omnibus pre-trial motion." Brief for Schrock (No. 873 MDA 2014) at 14. Specifically, Schrock argues that trial counsel should have pursued suppression of the relevant evidence based upon theories of fraud or tampering due to the alleged backdating of the wiretap paperwork. **Id.** at 15a. Instead, Schrock's counsel purportedly withdrew the suppression motion, believing it to be without merit. Schrock contends that this maneuver constituted ineffective assistance of counsel not designed to effectuate Schrock's best interests.

This specific issue was not included in Schrock's Rule 1925(b) statement. The issues pertaining to ineffective assistance of counsel that Schrock set forth in his Rule 1925(b) statement refer only to counsel's purported failure to file a motion for specific performance of the plea agreement and to the trial court's failure to "permit [Schrock] to present evidence he needed to prove his claim of ineffectiveness of counsel." Concise Statement, 5/30/2014, at 1-2. Consequently, Schrock's second listed issue in his brief at docket number 873 MDA 2014 is waived. **See Butler** and **Lord**, *supra*.

Finally, Schrock's last listed issue also is waived for the same reasons. Schrock contends that trial counsel acted as a mediator for the parties, rather than acting as an advocate for Schrock. Brief for Schrock (No. 873

MDA 2014) at 16. This issue plainly was not included in his Rule 1925(b) statement, and is waived. **See Butler** and **Lord**, *supra*.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/30/2015