Commonwealth *v.* Krasner et al., Appellants.

Argued March 18, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert E. Levy,* with him *Anthony D. Miele,* for appellants.

*Timothy H. Knauer,* Assistant District Attorney, with him *Vincent Dadamo,* Assistant District Attorney, and *William H. Lamb,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P.J., February 2, 1976:

This case involves appeals by the defendants of their convictions for selling obscene literature in violation of the Act of June 24, 1939, P.L. 872, §524; 1957, July 17, P.L. 972, §1; 1959, Oct. 20, P.L. 1329, §1 (18 P.S. §4524). On October 21, 1972, jury verdicts were returned against both defendants on the above charge.

The above section provides:

"(a)   Whoever sells, lends, distributes, exhibits, gives away or shows to any person seventeen (17) years of age or older or offers to sell, lend, distribute, exhibit or give away or show, or has in his possession with intent to sell, lend, distribute or give away or to show to any person seventeen (17) years of age or older, or knowingly advertises in any manner any

obscene literature, book, magazine, pamphlet, newspaper, storypaper, paper, comic book, writing, drawing, photograph, figure or image, or any written or printed matter of an obscene nature, or any article or instrument of an obscene nature, or whoever designs, copies, draws, photographs, prints, utters, publishes or in any manner manufactures or prepares any such book, picture, drawing, magazine, pamphlet, newspaper, storypaper, paper, comic book, writing, figure, image, matter, article or thing or whoever writes, prints, publishes or utters or causes to be printed, published or uttered, any advertisement or notice of any kind giving information, directly or indirectly, stating or purporting to state where, how, or whom, or by what means any obscene book, picture, writing, paper, comic book, figure, image, matter, article or thing named in this section can be purchased, obtained or had, or whoever hires, employs, uses or permits any minor or child to do or assist in doing any act or thing mentioned in this section, is guilty of a misdemeanor, and upon conviction, shall be sentenced to imprisonment not exceeding two (2) years, or to pay a fine not exceeding two thousand ($2000) dollars, or both.

" 'Obscene,' as used in this section, means that which, to the average person applying contemporary community standards, has as its dominant theme, taken as a whole, an appeal to prurient interest."

The sole issue in the case is whether 18 P.S. §4524 is unconstitutional in light of the decision of the United States Supreme Court in the case of *Miller v. California,* 413 U.S. 15, 93 S. Ct. 2607, 37 L. Ed. 2d 419 (1973), and in light of subsequent decisions of our courts.

In *Miller,* supra, the Supreme Court held that a state statute which sought to regulate obscenity required compliance with a three-pronged test. The test consisted of the following: (a) whether the average person, applying

contemporary community standards, would find that the work, taken as a whole, appeals to prurient interest; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political or scientific value. In light of this test it is apparent that the statute in question is constitutionally deficient in that element (b) of the *Miller* test has not been met since the statute does not specifically define the sexual conduct which it purports to proscribe. This element is important since without it an individual is effectively deprived of notice as to what type of depictions in his literature will result in criminal sanctions being imposed upon him.

In the case of *Commonwealth v. Krasner,* 238 Pa. Superior Ct. 1, 352 A.2d 479 (1975), we held that 18 P.S. §4524 is unconstitutional because it does not specifically define the type of conduct which it purports to proscribe. Since the statute under which the defendants were convicted does not meet constitutional requirements, the convictions must be reversed.

Judgment of sentence reversed and the defendants discharged.