680 A.2d 835

**The PARK HOME, A Pennsylvania Non–Profit Corporation, Appellant,**

v.

**CITY OF WILLIAMSPORT, Appellee,**

v.

**PRESERVATION OF WILLIAMSPORT FOUNDATION, Intervenor Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 24, 1996.

Decided July 19, 1996.

William A. Hebe, Wellsboro, for Park Home.

Charles A. Szybist, Norman M. Lubin, Williamsport, for City of Williamsport.

Robert B. Elion, Williamsport, for intervenor.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## *OPINION*

NIX, Chief Justice.

This is an appeal from the Order of the Commonwealth Court which affirmed the Order of the Court of Common Pleas of Lycoming County. The court of common pleas affirmed the decision of the Williamsport City Council ("Council") to deny a permit to demolish an historic structure known as The Park Home ("Park Home"). For the reasons that follow, we affirm.

Appellant, the Park Home, is a Pennsylvania, non-profit corporation engaged in the business of maintaining a personal care home for elderly women in Williamsport. Appellant conducts its business in the Park Home, a four story, brick, Victorian building located within Williamsport's Historic District. On January 21, 1992, Appellant applied to the Williamsport Historical Architectural Review Board ("Board") for a permit to demolish the Park Home.

On February 3, 1992, the Board unanimously recommended that Council deny the application. Council then referred Appellant's application to the Historic Preservation Committee of City Council ("Committee"). The Committee conducted seven sessions, including two public meetings and a meeting with the Park Home Board of Directors President, Samuel R. Hoff. Council subsequently held three public meetings at which Appellant's application for demolition was discussed. On July 16, 1992, Council voted to reject Appellant's permit request.

Pursuant to Pennsylvania Local Agency Law, 2 Pa.C.S. §§ 551 *et seq.*, Appellant appealed to the Lycoming County Court of Common Pleas. That court issued an Order direct-

ing Council to render an adjudication containing findings of fact as well as the reasons relied upon in making its decision. A *de novo* hearing was subsequently held before the trial court, and testimony and evidence were taken on July 7, and July 16, 1993. In an Order dated October 21, 1993, the trial court affirmed Council's denial of the permit to demolish the Park Home.

On appeal to the Commonwealth Court, Appellant argued: 1) that the application of the Historic District regulations amounted to an unconstitutional taking; 2) that the statute and ordinance authorizing Council's actions were unconstitutionally void for vagueness; 3) that the Board failed to comply with the mandatory provisions of the ordinance; and 4) that Council's actions in denying the permit were arbitrary and capricious.

The Commonwealth Court, citing this Court's decision in *United Artists' Theater Circuit v. City of Philadelphia*, 535 Pa. 370, 635 A.2d 612 (1993), rejected the contention that denial of the demolition permit constituted a taking without just compensation. *The Park Home v. City of Williamsport*, No. 2742 C.D.1993, slip op. at 8–9, 168 Pa.Cmwlth. 698, 650 A.2d 124 (Nov. 23, 1994). As to the remaining issues, the court affirmed on the basis of the trial court's opinion. *Id.* at 9.

On appeal before this Court, Appellant raises the same issues that were presented to the Commonwealth Court. It first argues that Council's denial of its request for a permit to demolish the Park Home amounts to an unconstitutional taking without just compensation. The basis for this assertion is that the building has deteriorated to the point where it is unsafe to continue to be used in its current capacity. As such, Appellant argues that it must either refurbish the existing structure at great expense or sell it at a depressed fair market value due to the historic designation of the building. We disagree.

When a trial court conducts a *de novo* hearing from a local agency appeal and additional evidence is taken, the scope

of review of an appellate court is limited to a determination of whether the court committed an error of law or an abuse of discretion. *Tobin v. Radnor Township Bd. of Comm'rs*, 142 Pa. Commw. 567, 597 A.2d 1258 (1991). Based on this standard, we find that the trial court properly determined that Council's refusal to issue a demolition permit did not constitute an unlawful taking.

In *City of Pittsburgh, Historic Review Commission v. Weinberg*, 544 Pa. 286, 676 A.2d 207 (1996), we recently reexamined the issue of an unlawful taking as it applies to property that has received an historic designation. The property owners in *Weinberg* sought permission to demolish their house which had been designated an historic structure. This Court held that the city historical commission properly denied permission to demolish the home because the property owners had not shown that they had been " 'deprived of any profitable use' of the[ir] property." *Id.* at 297, 676 A.2d at 213 (quoting *United Artists' Theater Circuit v. City of Philadelphia*, 535 Pa. 370, 382, 635 A.2d 612, 618 (1993)). This conclusion was based, in part, on the fact that the owners did not demonstrate that it would be impracticable or impossible to sell their property. *Id.* at 295–297, 676 A.2d at 212.

In the instant case, Board of Directors President, Samuel R. Hoff, testified on cross-examination that the Park Home had not been offered for sale since the time that he was a board member in the late 1980's. (R.R. at 108a). He further testified that it was board policy that the building not be sold and that it had been publicly stated that the property was not for sale. (R.R. at 108a). These statements clearly indicate that the Board of Directors did not even consider the possibility of selling the property as an alternative to demolition. The trial court and Superior Court were therefore correct in concluding that Appellant did not meet its burden of proving that it has been denied any profitable use of the property.[1]

1. We note in passing that there is no support for Appellant's claim that the Park Home is in a state of poor repair such that it could jeopardize the safety of its occupants. The trial court specifically found that "all of

Appellant next argues that the Pennsylvania enabling statute and the Williamsport Historic District Ordinance are unconstitutionally vague. In support of this allegation, Appellant claims that neither the statute nor the ordinance contains specific regulations to which an owner of an historic property can consult for guidance in making decisions concerning the use and development of his property. The lack of definite standards, Appellant asserts, invites "arbitrary and discriminatory acts as well as uneven and unpredictable enforcement." Brief for Appellant at 39.

The enabling legislation which Appellant cites as unconstitutionally vague is found at 53 Pa.S. § 8004(b) and provides as follows:

> Any governing body in determining whether or not to certify to the appropriateness of the ... demolition or razing of a building, in whole or in part, shall consider the effect which the proposed change will have upon the general historic and architectural nature of the district. The governing body shall pass upon the appropriateness of exterior architectural features which can be seen from a public street or way, only, and shall consider the general design, arrangement, texture, material and color of the building or structure and the relation of such factors to similar features of buildings and structures in the district. The governing body shall not consider any matters not pertinent to the preservation of the historic aspect and nature of the district....

53 Pa.S. § 8004(b). Additionally, Appellant points to specific factors enumerated in the Williamsport Ordinance which it alleges are void for vagueness:

> A. Broad historical values representing the cultural, political, economic or social history of the City.

the engineers and architects who toured the Park Home found it to be basically structurally sound.... [N]ot one of the experts indicated that the Park Home facility could not continue in its present function due to imminent structural decay." *The Park Home v. City of Williamsport,* No. 92–01, 607, slip op. at 15 (C.P. Lycoming County Oct. 21, 1993). Our review of the record satisfies us that there is sufficient evidence to support this finding. (R.R. at 160a; 338a).

B. The relationship of the structure with historic personages or events.

C. Speciman [sic] architectural types representative of a certain period and a style or method of construction.

D. The effect of the proposed change upon the general historic and architectural nature of the district.

E. The appropriateness of exterior architectural features which can be seen from a public street or way only.

F. The general design, arrangement, texture, material and color of the building or structure and the relation of such factors to similar features of buildings and structures in the district.

Williamsport, Pa., Ordinance 4720, section 8 (Nov. 20, 1975).

Appellant argues that the foregoing provisions lack the specificity necessary to allow property owners to determine whether a particular use of their property will be permissible. "[V]ague statutes deny due process in two ways: they do not give fair notice to people of ordinary intelligence that their contemplated activity may be unlawful, and they do not set reasonably clear guidelines for law enforcement officials and courts, thus inviting arbitrary and discriminatory enforcement." *Commonwealth v. Stenhach,* 356 Pa.Super. 5, 26, 514 A.2d 114, 124 (1986), *appeal denied,* 517 Pa. 589, 534 A.2d 769 (1987) (citations omitted). Additionally, vague statutes proscribe activity in ambiguous terms such that reasonable minds may differ as to the activity that is actually prohibited. *Id.* at 24, 514 A.2d at 124. Having reviewed the enabling statute and the ordinance in question, we conclude that they both possess the requisite degree of specificity such that they are not unconstitutionally vague.

A review of the enabling statute, 53 Pa.S. § 8004, sets forth a limited number of factors that a governing body may consider in determining whether or not to certify a structure for alteration or demolition. As a threshold consideration, the governing body may review "the appropriateness of exterior architectural features which can be seen from a public street or way[ ] *only* ...." 53 Pa.S. § 8004(b) (emphasis added).

Thus, modifications to the interior, as well as the exterior of the structure not visible from a public access, are outside the realm of what may be considered. Furthermore, "matters not pertinent to the preservation of the historic aspect and nature of the district" may not be considered. *Id.*

With respect to those factors that may be considered by the governing body, the enabling statute sets forth reasonably defined limits. We believe that such considerations as "general design, arrangement, texture, material and color of the building or structure and the relation of such factors to similar features of buildings and structures in the district," 53 Pa.S. § 8004(b), provide sufficient notice to property owners as to what will guide a governing body's decision-making process. Accordingly, we can not agree with Appellant's assertion that this provision empowers local authorities to act in an arbitrary and discriminatory manner because it fails to enumerate more precisely defined guidelines.

We likewise must reject the claim that the Williamsport Ordinance is unconstitutionally vague. It appears that the drafters of this ordinance borrowed considerably from the language of the enabling statute. As such, we are unable to conclude that the minimal distinctions between the enabling legislation and the Williamsport Ordinance warrant a different result with respect to Appellant's argument.

Appellant's challenge concerning the vagueness of the statute and ordinance in this case amounts to nothing more than a generalized claim that these provisions create the potential for arbitrary decision-making and enforcement by local officials. As support for these claims, Appellant states that "[t]he City has authorized the destruction of other structures within the Historic District without making any specific findings as required by the statute. The Historical Architectural Review Board has denied applications for permits without filing the report that it is required to file under the ordinance." Brief for Appellant at 40. This is nothing more than an unsubstantiated allegation which does not demonstrate the vagueness of the provisions at issue or the arbitrariness of the Board's actions. Accordingly, Appellant has failed to show how the

provisions in question are vague or how the Board has applied them in an arbitrary or discriminatory way.

 Finally, Appellant complains that, instead of filing a written report of its findings as required by the Williamsport Ordinance, the Board appended a copy of the minutes of its February meeting when it reported it findings to Council. Because Council's actions were based on a defective report, Appellant argues, its decision in this case is a nullity and of no legal effect. The trial court responded to this claim by noting that there was no objection made by Appellant when the matter was remanded to Council for the issuance of findings of fact. The court further observed that Appellant suffered no prejudice in light of the fact that it was afforded the opportunity to fully present its case at a *de novo* hearing before the trial court. We find this reasoning persuasive and agree that Appellant suffered no prejudice as a result of this minor procedural defect which was subsequently remedied.

Having reviewed and rejected the arguments raised by Appellant, we conclude that the Commonwealth Court has correctly affirmed the trial court's actions in this case. The Order of the Commonwealth Court is affirmed.

NEWMAN, J., did not participate in the consideration or decision of this case.