**COMMONWEALTH of Pennsylvania**

v.

**Dwayne R. HULL, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1997.

Filed Jan. 9, 1998.

William P. Murphy, Philadelphia, for appellant.

Timothy P. Geary, Asst. Dist. Atty., Vandergrift, for Com., appellee.

Before POPOVICH, SAYLOR and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This is an appeal of a judgment of sentence for violation of Pennsylvania's helmet law, 75 Pa.C.S. § 3525(a).

Appellant Dwayne R. Hull was stopped by a Pennsylvania State Police Officer on July 4, 1996. Appellant, who was operating a motorcycle, was charged with violating 75 Pa.C.S. § 3525(a) because his helmet did not conform to the standards promulgated by the Pennsylvania Department of Transportation (PennDOT) in 67 Pa.Code §§ 107.5(d) and (f). Appellant appeals his conviction of this summary offense, claiming that 75 Pa.C.S. § 3525 is unconstitutionally vague.

In *Commonwealth v. Kautz,* 341 Pa.Super. 374, 491 A.2d 864 (1985), this Court held that Pennsylvania's helmet law was constitutional. We specifically rejected arguments that the statute was unconstitutionally vague. It is beyond the power of a panel of the Superior Court to overrule a prior decision of the Superior Court. *Commonwealth v. Taylor,* 437 Pa.Super. 102, 649 A.2d 453 (1994). Therefore, "absent legally relevant distinction of fact," this panel is bound by the precedent of *Kautz. See Nicholson v. Combs,* 437 Pa.Super. 334, 650 A.2d 55 (1994), *allocatur granted,* 540 Pa. 613, 656 A.2d 119 (1995).

The *Kautz* case stands for the proposition that the state's helmet law is a constitutional exercise of the Commonwealth's police powers. We also held that the "promulgation of standards by the Department of Transportation represents a constitutional delegation of authority." *Kautz, supra,* at 381, 491 A.2d at 867. There is no legally relevant distinction of fact in the present case, alleging that the statutory scheme is unconstitutionally vague,

that would permit this panel to overrule our prior decision in *Kautz*.[1]

Even if we were not bound to our decision in *Kautz*, we affirm appellant's conviction and hold that the Pennsylvania helmet law is constitutional.

■ Appellant makes much of the fact that PennDOT has failed to promulgate a list of approved helmets as required under 75 Pa.C.S. § 3525(b). We agree that PennDOT should publish that list. Appellant, however, was convicted of violating 75 Pa.C.S. § 3525(a), which provides:

> Protective headgear.—Except as provided in subsection (d) [relating to three-wheeled motorcycles with an enclosed cab], no person shall operate or ride upon a motorcycle or a motor-driven cycle (other than a motorized pedalcycle) unless he is wearing protective headgear which complies with *standards established by the department.*

(Emphasis added.) This provision does not make it a violation to wear a helmet that is not on the approved list promulgated by PennDOT, but rather for wearing a helmet that does not meet the *standards* established by PennDOT. Therefore, the absence of the PennDOT list in no way undermines the statutory provision of § 3525(a), which premises a violation on not complying with the *standards* established by the department.

The standards established by PennDOT are located in 67 Pa.Code § 107.1 *et seq.* Specifically, appellant was found to have violated section 107.5(d) and (f). Subsection (d) establishes the standards for configuration of the helmet and subsection (f) establishes the standards for labeling.

■ Appellant makes much of the fact that the language contained in § 107.5(d) is highly technical. This language, however, is extremely specific, quite the opposite of vague.[2] This subsection provides the requirements for the vision clearance of the helmet by referring to the basic plane, which is defined as "a plane through the centers of the right and left external ear openings and the lower edge of the eye sockets." 67 Pa. Code § 107.4. In other words, the helmet must cover at least to the center of the ear. Appellant admitted that his helmet did not cover his ears, and the officer described the helmet worn by appellant as "just cover[ing] the top part of the human skull." (N.T., 12/31/96, at 8, 15.) Therefore, appellant violated the requirement as set forth in § 107.5(d).

Just because the language of the regulation is admittedly technical does not mean that it is vague. Quite the opposite, the language of the section is very specific.[3] In previous articulations of the test for unconstitutional vagueness, our Supreme Court has emphasized that the statute must be specific and definite to avoid vagueness. The Court has stated that:

> A criminal statute must be *sufficiently certain and definite* to inform an accused of acts that the statute is intended to prohibit and for which penalties will be imposed in order to comply with the due process clauses of both the Pennsylvania Constitution and the Constitution of the United States.

*Commonwealth v. Boyle*, 533 Pa. 360, 368, 625 A.2d 616, 620 (1993) (emphasis added);

> The test to be applied is whether the prohibited conduct is *so vague* that men of common intelligence must necessarily guess at its meaning and differ as to its application.

*Commonwealth v. Nelson*, 514 Pa. 262, 278, 523 A.2d 728, 737 (1987) (emphasis added),

---

1. Those standards alleged by appellant to be unconstitutionally vague are the same standards that were in force at the time of our decision in *Kautz*.

2. We note that motorcyclists are fully aware of the illegality of, and lack of protection provided by, "skull bucket" helmets like that worn by appellant. Indeed, many motorcyclists who wear such helmets, in an attempt to circumvent the helmet law, even purchase DOT stickers to

try to mask the illegality of these helmets. Such motorcyclists knowingly purchase these stickers because their helmets fail to meet any minimum protection requirements. Appellant had such a sticker on his nonconforming helmet.

3. If every law that was highly technical were void for vagueness, we would never have a tax code.

*cert. denied*, 484 U.S. 928, 108 S.Ct. 293, 98 L.Ed.2d 253 (1987);

> As generally stated, the void for vagueness doctrine requires that a penal statute define the criminal offense with sufficient *definiteness* that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.

*Commonwealth v. Barud*, 545 Pa. 297, 304, 681 A.2d 162, 165 (1996) (emphasis added). These articulations make clear that we require statutes to be specific, definite, and without ambiguity as to what is prohibited.[4] The standards set forth in § 107.5(d) are extremely specific. There is no room for arbitrary or discriminatory enforcement, as the requirements are technically and specifically described. Although we do admit that such language is complex, complicated, and requires careful deliberation on the part of motorcyclists, the language is not *vague*.

█ Furthermore, assuming *arguendo* that § 107.5(d) is unconstitutionally vague,[5] appellant would still be in violation of 75 Pa.C.S. § 3525(a). Absent the violation of the requirement of § 107.5(d), appellant was still found to have failed to comport with the requirements of § 107.5(f). This subsection, which sets the standard for labeling, is very specific and is written in very easily understandable language.

> Labeling. Each helmet shall be permanently and legibly labeled, in a manner such that the label(s) can be easily read without removing padding or any other permanent part, with the following:

> (1) Name or identification of manufacturer.
> (2) Precise model designation
> (3) Size
> (4) Month and year of manufacture....

67 Pa.Code § 107.5(f). Appellant readily admitted that his helmet did not have this required labeling information. (N.T., 12/31/96, at 15.) This regulation standard is crystal clear and not in the least bit vague. Therefore, appellant's conviction under 75 Pa.C.S. § 3525(a) should stand because his helmet did not comport with the clearly comprehensible labeling standard promulgated by PennDOT.

█ Because his conviction should stand based on his violation of the labeling standard, appellant lacks standing to challenge the constitutionality of the standard set forth in § 107.5(d). *See Commonwealth v. Hartz*, 367 Pa.Super. 267, 532 A.2d 1139 (1987) (finding no standing to challenge constitutionality of deadly weapons enhancement of sentencing guideline because same sentence would have been imposed regardless of the sentencing enhancement), *allocatur denied*, 519 Pa. 652, 546 A.2d 57 (1988); *Commonwealth v. Basemore*, 525 Pa. 512, 582 A.2d 861 (1990) (finding no standing to challenge vagueness of standard for weighing aggravating and mitigating circumstances because there were no mitigating circumstances to weigh), *cert. denied*, 502 U.S. 1102, 112 S.Ct. 1191, 117 L.Ed.2d 432 (1992). Additionally, this Court need not address the constitutionality of § 107.5(d) because its validity is unnecessary to the determination of whether appellant's violation of 75 Pa.C.S. § 3525(a) should be

4. Examples of statutory language that have been found vague include statutes proscribing conduct with *imprecise* descriptions. *See, e.g., Commonwealth v. Morgan*, 460 Pa. 112, 331 A.2d 444 (1975) ("defiling" American flag was vague); *Commonwealth v. Krasner*, 238 Pa.Super. 187, 357 A.2d 558 (1976) ("obscene" proscription vague).

5. Even if § 107.5(d) of the standards is vague as to whether the helmet must cover the ears, only that particular standard would be declared void. Since some of the standards set forth by Penn-DOT are clearly not vague, this Court would not declare the entire statutory scheme unconstitutional. *See* 1 Pa.C.S. § 1925; *Heller v. Frankston*, 504 Pa. 528, 475 A.2d 1291 (1984) (statute should be partially invalid if provisions are not interwoven and inseparable). As noted above, certain sections of the standards are easily comprehensible and reasonable people have no problem understanding what they are to wear in order to comply with those standards. Section 107.5(d), regarding configuration, is clearly separable and distinct from any other standards regarding labeling or other requirements. These standards are not so interwoven or inseparable that voiding § 107.5(d) would necessitate undermining the entire statutory scheme. Therefore, even if § 107.5(d) were truly unconstitutionally vague, only that subsection of the standards would be declared void and the remaining statutory scheme of the helmet law would stand.

affirmed. *See Commonwealth v. Samuels,* 354 Pa.Super. 128, 144–45, 511 A.2d 221, 230 (1986) ("a court is not to rule on the constitutionality of a statute unless it is absolutely necessary to do so in order to decide the issue before it."), *rev'd on other grounds,* 516 Pa. 300, 532 A.2d 404 (1987). Appellant clearly violated the undeniably constitutional standard set forth in § 170.5(f) and his violation of the helmet law can be affirmed on that basis, without need to look at the constitutionality of § 170.5(d).

We do not disturb our holding in *Kautz, supra,* that the Pennsylvania helmet law is constitutional. The technical language of § 107.5(d) of the PennDOT standards does not render the statutory scheme unconstitutionally void for vagueness. Furthermore, appellant's conviction would still be affirmed because of his violation of an undeniably clear standard set forth in § 107.5(f).

Judgment of sentence affirmed.

SAYLOR, J., dissents.

(This decision was reached prior to Justice Saylor's leaving Superior Court.)

SAYLOR, Judge, dissenting:

Because I find merit to Appellant's argument that Pennsylvania's helmet law, as presently implemented by regulation, is unconstitutionally vague as applied, I respectfully dissent.

In *Park Home v. City of Williamsport,* 545 Pa. 94, 680 A.2d 835 (1996), our supreme court noted that:

> [V]ague statutes deny due process in two ways: they do not give fair notice to people of ordinary intelligence that their contemplated activity may be unlawful, and they do not set reasonably clear guidelines for law enforcement officials and courts, thus inviting arbitrary and discriminatory enforcement.

*Id.,* 545 Pa. at 101, 680 A.2d at 838 (citation omitted). "A statute is unconstitutionally vague where it fails to provide reasonable notice of the [proscribed] conduct to the person charged with violating its prohibitions." *Commonwealth v. Balog,* 448 Pa.Super. 480, 487, 672 A.2d 319, 322 (1996), *alloc. denied,* 545 Pa. 660, 681 A.2d 176 (1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 987, 136 L.Ed.2d 869 (1997).

Pennsylvania's helmet law provides, in pertinent part, as follows:

> (a) **Protective headgear.**—Except as provided in subsection (d) [relating to three-wheeled motorcycles with an enclosed cab], no person shall operate or ride upon a motorcycle or a motor-driven cycle (other than a motorized pedalcycle) unless he is wearing protective headgear which complies with standards established by the department.
>
> \* \* \*
>
> (c) **Approval of Equipment.**—The department may approve or disapprove protective headgear and eye-protective devices required under this section and may issue and enforce regulations establishing standards and specifications for the approval of the headgear and devices. The department shall publish lists of all protective headgear and eye-protective devices by name and type which have been approved.

75 Pa.C.S. § 3525.

The Pennsylvania Department of Transportation (PennDOT) has *not* approved or disapproved any specific type of protective headgear, nor has it issued any regulations establishing standards and specifications for the approval of such headgear, despite being given express authority to so by the legislature in 75 Pa.C.S. § 3525. Consequently, a list of protective headgear approved for use in this Commonwealth has not been published by PennDOT.

Further, although PennDOT has promulgated regulations for protective headgear, published at 67 Pa.Code § 107.1 *et seq.,* these regulations simply mirror standards issued by the federal Department of Transportation, which were intended for designers and manufacturers of protective headgear. At the present time, these highly technical performance standards are the only source to which a Pennsylvania motorcyclist may refer to ascertain whether a particular helmet is legal.

In *Washington v. Maxwell*, 74 Wash.App. 688, 878 P.2d 1220 (1994), a statutory scheme similar to the one presently at issue was considered by the Washington Court of Appeals. In *Maxwell*, the defendant was charged with violating a statute, RCW 46.37.530(1)(c), which required motorcyclists to wear approved protective headgear, because his helmet did not conform to the requirements of a Washington state patrol regulation, WAC 204–10–040. That regulation had adopted the same federal performance standards for motorcycle helmets as PennDOT adopted in 67 Pa.Code § 107.5.

The Washington Court of Appeals concluded that such a scheme is void for vagueness because it does not provide the average citizen with fair notice and ascertainable standards to clearly understand the proscribed conduct. In this regard, the *Maxwell* court stated:

> The federal regulation has numerous sections relating to the qualities and tests to be supplied by the manufacturer. *Ordinary citizens would not be able to tell which protective helmet met those requirements, even if they could find the regulation.* In adopting the entire regulation, the state patrol has made it impossible for ordinary citizens to understand what is required to comply with the Washington statute. The state patrol should redraft the regulation in ordinary language so that ordinary citizens would know what to look for to be certain they are complying with the law.

*Id.*, 74 Wash.App. at 693, 878 P.2d at 1222–1223 (emphasis added). Because I perceive no meaningful distinction between the helmet law which was struck down in Washington and the statutory scheme presently in effect in our Commonwealth, I find the reasoning employed by the Washington Court of Appeals in *Maxwell* persuasive.

Unlike the majority, I do not find our court's decision in *Commonwealth v. Kautz*, 341 Pa.Super. 374, 491 A.2d 864 (1985), to be dispositive of the issue presented in this appeal. In *Kautz*, this court held that the legislature did not exceed its constitutional authority by enacting Pennsylvania's helmet law because the statute is reasonably related to a rational state interest, protecting our Commonwealth from the negative effects of motorcycle accidents on our highways. *Kautz* also rejected a claim that the helmet law was unconstitutionally vague because it placed upon a motorcyclist the burden of obtaining a list of approved headgear, finding that "promulgation of standards by the Department of Transportation represents a constitutional delegation of authority." *Kautz, supra,* 341 Pa.Super. at 381, 491 A.2d at 867. The issue here, however, is not whether the statute is constitutional as written, but rather, whether it is constitutional as applied.

PennDOT has not issued a list of approved headgear, and the standards which it has published are insufficient, in my view, to enable the average motorcyclist in this Commonwealth to readily ascertain which helmets are permitted, and which are prohibited. In sum, § 3525(a) of the Motor Vehicle Code, as implemented through 67 Pa.Code § 107.5, simply does not give proper notice to the general public of the types of conduct which are proscribed and I would therefore hold that this statutory scheme is unconstitutionally vague, as applied to the facts of this case.

Accordingly, I respectfully dissent.