J-S04034-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | |
| | : | |
| SABIMANA TILLYA JASTIN, | : | |
| | : | |
| Appellee | : | No. 1021 MDA 2014 |

Appeal from the Judgment of Sentence Entered June 13, 2014,
in the Court of Common Pleas of York County,
Criminal Division, at No(s): CP-67-CR-0000318-2014

BEFORE:   BOWES, ALLEN, and STRASSBURGER, JJ.*

JUDGMENT ORDER BY STRASSBURGER, J.:          **FILED MAY 29, 2015**

The Commonwealth of Pennsylvania (Commonwealth) appeals from the judgment of sentence of six months of intermediate punishment imposed for Sabimana Tillya Jastin's second conviction for driving under the influence (DUI) with refusal.  We affirm.

The Commonwealth contends that the trial court erred as a matter of law in following this Court's decision in **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013), in which this Court held that, under 18 Pa.C.S. § 3803, the maximum sentence for a first or second DUI is six months' imprisonment, even where the refusal to submit to blood alcohol testing requires the offense to be graded as a first-degree misdemeanor.[1]

---

[1] Our Supreme Court has held the petition for allowance of appeal in **Musau** pending its decision in **Commonwealth v. Mendez**, No. 3274 EDA 2011 (Pa. Super. filed October 15, 2012), *appeal granted*, 71 A.3d 250 (Pa.

*Retired Senior Judge assigned to the Superior Court.

The Commonwealth's sole argument is that ***Musau*** was wrongly decided.

The trial court certainly did not err in following binding precedent, and we could not overrule a decision of a prior panel of this Court even if we wished to do so.[2] ***See***, ***e.g.***, ***Regis Ins. Co. v. All American Rathskeller, Inc.***, 976 A.2d 1157, 1161 (Pa. Super. 2009) ("This panel has no authority to overrule [a prior panel's decision]."); ***Commonwealth v. Pepe***, 897 A.2d 463, 465 (Pa. Super. 2006) ("It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court.") (citing ***Commonwealth v. Hull***, 705 A.2d 911, 912 (Pa. Super. 1998))."). Accordingly, we affirm the judgment of sentence on the basis of the ***Musau*** opinion.

Judgment of sentence affirmed.[3]

---

2013). In ***Mendez***, a panel of this Court, over the dissent of President Judge Emeritus McEwen, held in an unpublished memorandum decision filed prior to ***Musau*** that the relevant statutory maximum sentence is five years. Our Supreme Court granted Mendez's petition for allowance of appeal to decide the following issue: "In upholding a sentence that exceeds the statutory maximum explicitly set out in 75 Pa.C.S. § 3803, did not the majority violate the rules of statutory construction in order to avoid what it saw as 'problematic consequences' resulting from a straightforward application of the statute?" ***Mendez***, 71 A.3d at 250.

[2] Judge Bowes expressed her disagreement with ***Musau***, but acknowledged its binding effect on this Court, in ***Commonwealth v. Concordia***, 97 A.3d 366 (Pa. Super. 2014).

[3] Given our disposition, we deny as moot Appellee's application to file his brief nunc pro tunc.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/29/2015