J-S20028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRETT JASON WISE | : | No. 1837 MDA 2017 |

Appeal from the Entered November 3, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0002934-2017

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY OTT, J.:                    **FILED JUNE 11, 2018**

The Commonwealth appeals from the order entered November 3, 2017, in the Court of Common Pleas of Berks County, that granted appellee's, Brett Jason Wise's, motion to suppress blood test results only.[1]  The Commonwealth contends (1) the trial court erred in suppressing evidence pursuant to ***Birchfield v. North Dakota***, 136 S.Ct. 2160 (2016)[2], where the DL-26B form read to appellee had been modified to remove the objectionable language regarding the enhanced penalties for a blood testing refusal, rendering the

---

[1] The Commonwealth has certified that the trial court's ruling terminated or substantially handicaps the prosecution of this case.

[2] ***Birchfield*** "prohibit[s] states from imposing criminal penalties upon an individual's refusal to submit to a warrantless blood test." ***Commonwealth v. Smith***, 177 A.3d 915, 921 (Pa. Super. 2017), *citing* ***Birchfield***, 136 S.Ct. at 2185.

consent to the blood draw voluntary, and (2) the trial court erred in suppressing evidence pursuant to **Birchfield, supra**, where the totality of the circumstances indicates that the consent to the blood draw was voluntary. **See** Commonwealth Brief at 4. Based upon the following, we reverse and remand for further proceedings.

On April 16, 2017, at approximately 2:39 a.m., Officer Brad Brenner of the Robeson Township Police Department initiated a traffic stop after he observed the passenger-side tires of appellee's vehicle cross the white fog line on three separate occasions over the course of a mile. Subsequently, Officer Brenner arrested appellee for suspected driving under the influence (DUI).[3] Appellee was transported to the Berks County DUI Processing Center. Officer Brenner read appellee Pennsylvania Department of Transportation (PennDOT) Form DL-26B.[4] The DL-26B form that Officer Brenner read to appellee to

---

[3] **See** 75 Pa.C.S. § 3802.

[4] The DL-26B form provided, in relevant part:

It is my duty as a police officer to inform you of the following:

1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.

2. I am requesting that you submit to a chemical test of blood.

3. If you refuse to submit to the blood test, your operating privileges will be suspended for at least 12 months. If you previously refused a chemical test or were previously

obtain consent for blood testing was updated following **Birchfield**, to remove previous DL-26 language regarding enhanced criminal penalties for refusal to submit to a blood test. Appellee signed the DL-26B form and submitted to the blood draw. The testing revealed a BAC of .179.

On May 3, 2017, appellee was charged with DUI[5] and related offenses. On August 3, 2017, appellee filed an omnibus pretrial motion, seeking *inter alia* to suppress the blood test results. A hearing was held on September 6, 2017. Thereafter, on November 3, 2017, the trial court issued findings of fact and conclusions of law and granted the suppression motion as to the blood tests only. This appeal by the Commonwealth followed.

Our standard of review of the trial court's suppression ruling is well settled:

> When the Commonwealth appeals a suppression order, we consider only the evidence from [Appellee's] witnesses together with the portion of the Commonwealth's evidence which is uncontroverted. Our standard of review is limited to determining whether the suppression court's factual findings are supported by the record, but we exercise *de*

_____

convicted of driving under the influence, you will be suspended for up to 18 months.

4. You have no right to speak to an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a blood test, you will have refused the test.

N.T., 9/6/2017, Commonwealth's Exhibit 1.

[5] 75 Pa.C.S. §§ 3802(a)(1) and (c).

*novo* review over the suppression court's conclusions of law.

Further, "[a]ppellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress." "It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony."

***Commonwealth v. Thomas***, 179 A.3d 77, 81 (Pa. Super. 2018) (citation and internal citations omitted).

The Commonwealth first contends "the trial court err[ed] in suppressing evidence pursuant to ***Birchfield*** … where the DL-26B form was modified to remove the objectionable language regarding the enhanced penalties for a blood testing refusal, rendering the consent to the blood draw voluntary." Commonwealth Brief at 4. Appellee counters, "the DL-26B [form] directly contradict[ed] the mandates of the Motor Vehicle Code" then in effect. Appellee's Brief at 11, *citing* 75 Pa.C.S. §§ 1547(b)(2) and 3804(c).

The identical claim presented by the Commonwealth in this appeal was recently addressed in ***Commonwealth v. Robertson***, ___ A.3d ___ [2018 Pa. Super. LEXIS 426] (Pa. Super. May 3, 2018), where a panel of this court found merit in the Commonwealth's argument. Accordingly, because ***Robertson*** is controlling in this case, we simply reiterate its holding that PennDOT had the authority to amend the DL-26 form prior to the legislation

that amended Section 3804, and that the defendant was presumed to know both statutory and case law.[6]  ***Id.*** at *14.

In the second issue, the Commonwealth contends the trial court erred in suppressing evidence pursuant to ***Birchfield, supra***, where the totality of the circumstances indicates that the consent to the blood draw was voluntary. In reviewing this claim, ***Robertson*** is instructive:

> Under [***Commonwealth v.***] ***Evans***[*,*153 A.3d 323 (Pa. Super. 2016)], a trial court must consider the totality of the circumstances when determining if a defendant's consent to a blood draw was voluntary. ***Evans***, 153 A.3d at 328 (citation omitted). As our Supreme Court explained:
>
> > While there is no hard and fast list of factors evincing voluntariness, some considerations include: 1) the defendant's custodial status; 2) the use of duress or coercive tactics by law enforcement personnel; 3) the defendant's knowledge of his right to refuse to consent; 4) the defendant's education and intelligence; 5) the defendant's belief that no incriminating evidence will be found; and 6) the extent and level of the defendant's cooperation with the law enforcement personnel.
>
> ***Commonwealth v. Gillespie***, 573 Pa. 100, 821 A.2d 1221, 1225 (Pa. 2003) (Eakin, J., opinion announcing the judgment of the court) (**cleaned up**), *citing* ***Commonwealth v. Cleckley***, 558 Pa. 517, 738 A.2d 427, 433 n.7 (Pa. 1999).

***Robertson, supra*** at *14-*15.

---

[6] A three-judge panel of this Court is not empowered to overrule another three-judge panel of the Superior Court. ***Commonwealth v. Beck***, 78 A.3d 656, 659 (Pa. Super. 2013). ***See also Commonwealth v. Hull***, 705 A.2d 911, 912 (Pa. Super. 1998).

The trial court and appellee take the position appellee's consent was involuntary because Form DL-26B did not correctly state the law because the constitutional defects in Section 3804 had not been cured at the time of appellee's arrest. However, this reasoning fails because, as the **Robertson** panel held, an individual is presumed to know statutory law **and** case law, i.e., **Birchfield**. The trial court does not point to any other fact to justify its finding of lack of voluntary consent.

For his part, appellee relies on **Commonwealth v. Myers**, 164 A.3d 1162 (Pa. 2017) to argue his consent was involuntary. In addition, appellee claims that, because he had a prior DUI arrest, that meant he knew he could not refuse the blood test without increased criminal penalties. These two arguments, however, were rejected in **Commonwealth v. Miller**, ___ A.3d ___ [2018 Pa. Super. LEXIS 427] (Pa. Super. May 3, 2018), which was issued contemporaneously with **Robertson**. The **Miller** panel distinguished **Myers**, which involved a defendant who was unconscious and incapable of consent to a blood draw. **Miller**, at *4-*5. The **Miller** panel further held, "Appellee's failure to recognize that [the police officer's] warnings differed from those he received in the past, and his reliance on the previous police interaction, cannot weigh heavily against finding voluntary consent." **Miller**, at *6.

Here, the trial court made the following findings of fact that are relevant to the factors to be considered in determining voluntariness of consent. On April 16, 2017, at approximately 2:39 a.m., Officer Brenner arrested appellee for suspected DUI and transported him to the Berks County DUI Processing

Center.  Officer Brenner read the DL-26B form to appellee.  Officer Brenner was dressed in full uniform and displaying a badge of authority.  Officer Brenner did not point either his gun or his Taser at appellee.  Officer Brenner did not scream at appellee while reading the DL-26B form.  Officer Brenner did not tell appellee that something bad would happen to him if he did not sign the form.  Appellee submitted to the blood draw.  *See* Trial Court's Findings of Fact and Conclusions of Law, 11/3/2017, ¶¶5-12.

Based on our review, this Court concludes that the facts of the instant case, set forth above, clearly weigh in favor of a finding of voluntariness.  The only factor that weighs against a finding of voluntariness in this case is the fact that appellee was in custody.  There is no evidence of duress or coercive tactics.  Officer Brenner properly advised appellee he could refuse the blood test and be subject to certain civil penalties. Furthermore, any subjective belief of appellee that he could not refuse a blood test without criminal penalties does not weigh heavily against voluntariness.  No evidence was presented regarding whether appellee was aware that incriminating evidence would be found in his blood.  Lastly, appellee signed the DL-26B form and police were able to get a blood sample. As such, this Court concludes no reasonable factfinder could determine appellee's consent was involuntary. Therefore, we find merit in the Commonwealth's second argument.

Accordingly, we reverse the trial court's suppression order and remand for further proceedings consistent with this memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/11/2018