J-S20027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG BRIAN WEINER | : | No. 1803 MDA 2017 |

Appeal from the Order Entered October 25, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0001704-2017

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY OTT, J.:                                    **FILED JUNE 11, 2018**

The Commonwealth appeals from the order entered October 25, 2017, in the Court of Common Pleas of Berks County, that granted appellee's, Craig Brian Weiner's, motion to suppress blood test results obtained after he gave consent to a blood draw during the course of a driving under the influence (DUI) investigation,[1] and granted his motion for writ of *habeas corpus* as to Count 2, DUI – 75 Pa.C.S. § 3802(c).  The Commonwealth contends (1) the trial court erred in suppressing evidence pursuant to **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016),[2] where the DL-26B form read to appellee

---

[1] The Commonwealth has certified that the trial court's ruling terminated or substantially handicaps the prosecution of this case.

[2] **Birchfield** "prohibit[s] states from imposing criminal penalties upon an individual's refusal to submit to a warrantless blood test." **Commonwealth v. Smith**, 177 A.3d 915, 921 (Pa. Super. 2017), *citing* **Birchfield**, 136 S.Ct. at 2185.

had been modified to remove the objectionable language regarding the enhanced penalties for a blood testing refusal, rendering the consent to the blood draw voluntary, (2) the trial court erred in suppressing evidence pursuant to **Birchfield, supra**, where the totality of the circumstances indicates that the consent to the blood draw was voluntary, and (3) the trial court erred in granting the request for a writ of *habeas corpus* for Count 2, DUI -75 Pa.C.S. § 3802(c), without permitting the Commonwealth to appeal from the adverse suppression ruling. **See** Commonwealth Brief at 4. Based upon the following, we reverse the trial court's suppression order, reinstate the dismissed DUI charge at Count 2, and remand for further proceedings.

On December 10, 2016, Trooper James Green of the Pennsylvania State Police arrested appellee for suspected DUI.[3] Appellee was transported to the Berks County DUI Processing Center. Trooper Green read appellee Pennsylvania Department of Transportation (PennDOT) Form DL-26B.[4] The

---

[3] 75 Pa.C.S. § 3802.

[4] The DL-26B form provided, in relevant part:

> It is my duty as a police officer to inform you of the following:
>
> 1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.
>
> 2. I am requesting that you submit to a chemical test of blood.
>
> 3. If you refuse to submit to the blood test, your operating privileges will be suspended for at least 12 months. If you

DL-26B form that Trooper Green used to obtain consent for blood testing was updated following **Birchfield** to remove previous DL-26 language regarding enhanced criminal penalties for refusal to submit to a blood test. Appellee signed the DL-26B form and submitted to the blood draw. The testing revealed a BAC of .204.

On December 28, 2016, appellee was charged with DUI,[5] illegally operating a motor vehicle not equipped with ignition interlock,[6] and related offenses. On June 7, 2017, appellee filed an omnibus pretrial motion, seeking to suppress the blood test results. A hearing was held on August 14, 2017. Thereafter, on October 25, 2017, the trial court issued findings of fact and conclusions of law and granted appellee's suppression motion as well as appellee's motion for writ of *habeas corpus* as to Count 2, DUI – 75 Pa.C.S. § 3802(c). This appeal by the Commonwealth followed.

_____

previously refused a chemical test or were previously convicted of driving under the influence, you will be suspended for up to 18 months.

4. You have no right to speak to an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a blood test, you will have refused the test.

N.T., 8/14/2017, Commonwealth's Exhibit 1.

[5] 75 Pa.C.S. § 3802(a)(1) and (c).

[6] 75 Pa.C.S. § 3808(a)(1).

Our standard of review of the trial court's suppression ruling is well settled:

> When the Commonwealth appeals a suppression order, we consider only the evidence from [Appellee's] witnesses together with the portion of the Commonwealth's evidence which is uncontroverted. Our standard of review is limited to determining whether the suppression court's factual findings are supported by the record, but we exercise *de novo* review over the suppression court's conclusions of law.
>
> Further, "[a]ppellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress." "It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony."

*Commonwealth v. Thomas*, 179 A.3d 77, 81 (Pa. Super. 2018) (citation and internal citations omitted).

The Commonwealth first contends "the trial court err[ed] in suppressing evidence pursuant to *Birchfield* … where the DL-26B form was modified to remove the objectionable language regarding the enhanced penalties for a blood testing refusal, rendering the consent to the blood draw voluntary." Commonwealth Brief at 4. Appellee counters that "[a]t the time of the alleged offense, our Legislature had not responded to *Birchfield* and hence, [75 Pa.C.S.] § 3804(c) and [75 Pa.C.S.] § 1547(b)(2) (both relating to penalties for refusing chemical testing) remained unmodified." Appellee's Brief at 10.

The identical claim presented by the Commonwealth in this appeal was recently addressed in *Commonwealth v. Robertson*, ____ A.3d ____ [2018

Pa. Super. LEXIS 426] (Pa. Super. May 3, 2018), where a panel of this court found merit in the Commonwealth's argument. Accordingly, because **Robertson** is controlling in this case, we simply reiterate its holding that PennDOT had the authority to amend the DL-26 form prior to the legislation that amended Section 3804, and that appellee was presumed to know both statutory and case law.[7] Accordingly, applying **Robertson**, we find merit in the Commonwealth's first issue.

In the second issue, the Commonwealth contends the trial court erred in suppressing evidence pursuant to **Birchfield, supra**, where the totality of the circumstances indicates that the consent to the blood draw was voluntary. In reviewing this claim, **Robertson** is instructive:

> Under [**Commonwealth v.**] **Evans**[,153 A.3d 323 (Pa. Super. 2016)], a trial court must consider the totality of the circumstances when determining if a defendant's consent to a blood draw was voluntary. **Evans**, 153 A.3d at 328 (citation omitted). As our Supreme Court explained:
>
> > While there is no hard and fast list of factors evincing voluntariness, some considerations include: 1) the defendant's custodial status; 2) the use of duress or coercive tactics by law enforcement personnel; 3) the defendant's knowledge of his right to refuse to consent; 4) the defendant's education and intelligence; 5) the defendant's belief that no incriminating evidence will be found; and 6) the extent and level of the defendant's cooperation with the law enforcement personnel.

---

[7] A three-judge panel of this Court is not empowered to overrule another three-judge panel of the Superior Court. **Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013). **See also Commonwealth v. Hull**, 705 A.2d 911, 912 (Pa. Super. 1998).

> ***Commonwealth v. Gillespie***, 573 Pa. 100, 821 A.2d 1221, 1225 (Pa. 2003) (Eakin, J., opinion announcing the judgment of the court) (**cleaned up**), *citing* ***Commonwealth v. Cleckley***, 558 Pa. 517, 738 A.2d 427, 433 n.7 (Pa. 1999).

***Robertson, supra*** at *14-*15.

The trial court and appellee take the position appellee's consent was involuntary because Form DL-26B did not correctly state the law since the constitutional defects in Section 3804 had not been cured at the time of appellee's arrest. However, this reasoning fails because, as the ***Robertson*** panel held, an individual is presumed to know statutory law **and** case law, *i.e.*, ***Birchfield***. The trial court does not point to any other fact to justify its finding of lack of voluntary consent.

For his part, appellee relies on ***Commonwealth v. Myers***, 164 A.3d 1162 (Pa. 2017) to argue his consent was involuntary. This argument, however, was rejected in ***Commonwealth v. Miller***, ____ A.3d ____ [2018 Pa. Super. LEXIS 427] (Pa. Super. May 3, 2018), which was issued contemporaneously with ***Robertson***. The ***Miller*** panel distinguished ***Myers***, which involved a defendant who was unconscious and incapable of consent to a blood draw. ***Miller, supra***, at *4-*5. In addition, we point out that in ***Miller***, the panel rejected the defendant's argument that based on his prior DUI convictions he had a subjective belief that he could not refuse a blood test without criminal penalties. The ***Miller*** Court held, "Appellee's failure to recognize that [the police officer's] warnings differed from those he received in the past, and his reliance on the previous police interaction, cannot weigh heavily against finding voluntary consent." ***Miller, supra*** at *6.

- 6 -

Here, the trial court made the following findings of fact that are relevant to the factors to be considered in determining voluntariness of consent. On December 10, 2016, Trooper Green arrested appellee for suspected DUI and transported him to the Berks County DUI Processing Center. Trooper Green read the DL-26B form to appellee in a conversational tone. Trooper Green testified he, the phlebotomist, his partner, and one or two Berks County detectives were present in the room when he read the DL-26B form to appellee. Trooper Green did not recall if appellee was in handcuffs, and if he asked anything about the consequences of refusing the blood test. Trooper Green testified appellee did not ask about *Birchfield*. Appellee had been convicted of DUI three or four times prior to the date that Trooper Green read the DL-26B to appellee. Trooper Green did not inform appellee that he had a constitutional right to refuse the blood test. Trooper Green did not advise appellee he would not face increased criminal penalties if he refused the blood test. Trooper Green did not have a warrant. Appellee submitted to the blood draw. *See* Trial Court's Findings of Fact and Conclusions of Law, 10/23/2017, ¶¶1-12.

Based on our review, this Court concludes that the facts of the instant case, set forth above, clearly weigh in favor of a finding of voluntariness. The only factor that weighs against a finding of voluntariness is the fact that appellee was in custody. While several law enforcement officers were present in the room, there is no evidence of duress or coercive tactics. Trooper Green properly advised appellee he could refuse the blood test and be subject to

certain civil penalties. Furthermore, any subjective belief of appellee that he could not refuse a blood test without criminal penalties does not weigh heavily against voluntariness. No evidence was presented regarding whether appellee was aware that incriminating evidence would be found in his blood. Lastly, appellee cooperated with police. As such, this Court concludes no reasonable factfinder could determine appellee's consent was involuntary. Therefore, we find merit in the Commonwealth's second argument.

The Commonwealth's final claim is that the trial court erred in granting the request for a writ of *habeas corpus* for Count 2, DUI - 75 Pa.C.S. § 3802(c), without permitting the Commonwealth to exercise its absolute right to appeal from the adverse suppression ruling. We agree. In **Commonwealth v. Micklos**, 672 A.2d 796, 801 (Pa. Super. 1996) (*en banc*), this Court held that the trial court lacked the power to grant a writ of *habeas corpus* before allowing the Commonwealth an opportunity to appeal the adverse suppression ruling. By entering an order granting suppression and concurrently dismissing the DUI charge, "the trial court deprived the Commonwealth from any opportunity to exercise its absolute right to appeal from [the] adverse suppression ruling[]." **Id.**

Accordingly, we reverse the trial court's suppression order, reinstate the DUI charge at Count 2, and remand for further proceedings consistent with this memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/11/2018