J-S20026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
v. :
:
:
TAMEEKAH MATILDA BARRETT : No. 1802 MDA 2017

Appeal from the Order Entered October 23, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0001211-2017

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY OTT, J.:                    **FILED JUNE 11, 2018**

The Commonwealth appeals from the order entered October 23, 2017, in the Court of Common Pleas of Berks County, that granted appellee's, Tameekah Matilda Barrett's, motion to suppress blood test results obtained after she gave consent to a blood draw during the course of a driving under the influence (DUI) investigation.[1]  The Commonwealth contends (1) the trial court erred in suppressing evidence pursuant to **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016)[2], where the DL-26B form read to appellee had been

_____

[1] The Commonwealth has certified that the trial court's ruling terminated or substantially handicaps the prosecution of this case.

[2] **Birchfield** "prohibit[s] states from imposing criminal penalties upon an individual's refusal to submit to a warrantless blood test."  **Commonwealth v. Smith**, 177 A.3d 915, 921 (Pa. Super. 2017), citing **Birchfield**, 136 S.Ct. at 2185.

modified to remove warnings regarding the enhanced penalties for a blood testing refusal, rendering the consent to the blood draw voluntary, and (2) the trial court erred in suppressing evidence pursuant to **Birchfield, supra**, where the totality of the circumstances indicates that the consent to the blood draw was voluntary. **See** Commonwealth Brief at 4. Based upon the following, we reverse and remand for further proceedings.

On November 12, 2016, Officer John Hutchinson of the Reading Police Department arrested appellee for suspected DUI.[3] For purposes of the suppression hearing, the parties stipulated that appellee was the driver and that Officer Hutchinson arrested her based upon probable cause from the vehicle stop. Appellee was transported to the Berks County DUI Processing Center. Officer Hutchinson read appellee Pennsylvania Department of Transportation (PennDOT) Form DL-26B.[4] The DL-26B form that Officer

_____

[3] **See** 75 Pa.C.S. § 3802.

[4] The DL-26B form provided, in relevant part:

It is my duty as a police officer to inform you of the following:

1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.

2. I am requesting that you submit to a chemical test of blood.

3. If you refuse to submit to the blood test, your operating privileges will be suspended for at least 12 months. If you previously refused a chemical test or were previously

Hutchinson read to appellee to obtain consent for blood testing was updated by following **Birchfield**, to remove previous DL-26 language regarding enhanced criminal penalties for refusal to submit to a blood test. Appellee signed the DL-26B and submitted to the blood draw. The testing revealed a BAC of .333.

On December 19, 2016, appellee was charged by criminal complaint with two counts of DUI and illegally operating a motor vehicle not equipped with ignition interlock.[5] On August 1, 2017, appellee filed an omnibus pretrial motion, seeking to suppress the blood test results. A hearing was held on August 21, 2017. Thereafter, on October 23, 2017, the trial court issued findings of fact and conclusions of law and granted the suppression motion. This appeal by the Commonwealth followed.

Our standard of review of the trial court's suppression ruling is well settled:

> When the Commonwealth appeals a suppression order, we consider only the evidence from [Appellee's] witnesses

_____

> convicted of driving under the influence, you will be suspended for up to 18 months.
>
> 4. You have no right to speak to an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a blood test, you will have refused the test.

N.T., 8/21/2017, Commonwealth's Exhibit 1.

[5] 75 Pa.C.S. §§ 3802(a)(1) and (c) and 3808(a)(1), respectively.

together with the portion of the Commonwealth's evidence which is uncontroverted. Our standard of review is limited to determining whether the suppression court's factual findings are supported by the record, but we exercise *de novo* review over the suppression court's conclusions of law.

Further, "[a]ppellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress." "It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony."

**Commonwealth v. Thomas**, 179 A.3d 77, 81 (Pa. Super. 2018) (citation and internal citations omitted).

The Commonwealth first contends "the trial court err[ed] in suppressing evidence pursuant to **Birchfield** … where the DL-26B form was modified to remove the objectionable language regarding the enhanced penalties for a blood testing refusal, rendering the consent to the blood draw voluntary." Commonwealth Brief at 4. Appellee counters that "[t]he updated DL-26B did not change the enhanced punishments that [were] still provided for in 75 Pa.C.S.A. §§ 3803-3804 [on the date in question]." Appellee's Brief at 12.

The identical claim presented by the Commonwealth in this appeal was recently addressed in **Commonwealth v. Robertson**, ___ A.3d ___ [2018 Pa. Super. LEXIS 426] (Pa. Super. May 3, 2018), where a panel of this Court found merit in the Commonwealth's argument. Accordingly, because **Robertson** is controlling in this case, we simply reiterate its holding that PennDOT had the authority to amend the DL-26 form prior to the legislation

- 4 -

that amended Section 3804, and that the defendant was presumed to know both statutory and case law.[6]  *Id.* at *14.

In the second issue, the Commonwealth contends the trial court erred in suppressing evidence pursuant to **Birchfield, supra**, where the totality of the circumstances indicates that the consent to the blood draw was voluntary. In reviewing this claim, **Robertson** is instructive:

> Under [**Commonwealth v.**] **Evans**[,153 A.3d 323 (Pa. Super. 2016)], a trial court must consider the totality of the circumstances when determining if a defendant's consent to a blood draw was voluntary. **Evans**, 153 A.3d at 328 (citation omitted). As our Supreme Court explained:
>
>> While there is no hard and fast list of factors evincing voluntariness, some considerations include: 1) the defendant's custodial status; 2) the use of duress or coercive tactics by law enforcement personnel; 3) the defendant's knowledge of his right to refuse to consent; 4) the defendant's education and intelligence; 5) the defendant's belief that no incriminating evidence will be found; and 6) the extent and level of the defendant's cooperation with the law enforcement personnel.
>
> **Commonwealth v. Gillespie**, 573 Pa. 100, 821 A.2d 1221, 1225 (Pa. 2003) (Eakin, J., opinion announcing the judgment of the court) (cleaned up), *citing* **Commonwealth v. Cleckley**, 558 Pa. 517, 738 A.2d 427, 433 n.7 (Pa. 1999).

**Robertson, supra** at *14-*15.

---

[6] A three-judge panel of this Court is not empowered to overrule another three-judge panel of the Superior Court. **Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013). **See also Commonwealth v. Hull**, 705 A.2d 911, 912 (Pa. Super. 1998).

The trial court made the following findings of fact that are relevant to the factors to be considered in determining voluntariness of consent. On November 12, 2016, Officer Hutchinson arrested appellee for suspected DUI and transported her to the Berks County DUI Processing Center. Officer Hutchinson read the DL-26B form in a conversational tone. Officer Hutchinson testified he, the phlebotomist, a clerk and appellee were the only people present in the room when he read the DL-26B form to appellee. Appellee was not in handcuffs, and did not ask about increased penalties. Officer Hutchinson did not recall if appellee asked about **Birchfield**. Officer Hutchinson was dressed in full uniform and did not have a warrant. Officer Hutchinson did not advise appellee she would not face increased criminal penalties if she refused the blood test. Appellee signed the DL-26B form and submitted to the blood draw. **See** Trial Court's Findings of Fact and Conclusions of Law, 10/23/2017, ¶¶1-11.

Based on our review, this Court concludes that the facts of the instant case, set forth above, clearly weigh in favor of finding voluntariness. The only factor that weighs against a finding of voluntariness is the fact that appellee was in custody. Officer Hutchinson did not use duress or coercive tactics. Officer Hutchinson properly advised appellee she could refuse the blood test and be subject to certain civil penalties. No evidence was presented regarding the education and experience of appellee and whether appellee was aware incriminating evidence would be found in her blood. Appellee signed the

DL-26B form, agreed to submit to the test, and underwent the blood draw. As such, this Court concludes no reasonable factfinder could determine appellee's consent was involuntary. Therefore, we find merit in the Commonwealth's second argument.

Accordingly, we reverse the trial court's suppression order and remand for further proceedings consistent with this memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/11/2018